JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kristine Yesalusky

**(b)** County of Residence of First Listed Plaintiff   Schuylkill
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael P. Murphy, Jr., Esquire, Murphy Law Group LLC, One Penn Center, Suite 1230, 1617 John F. Kennedy Blvd., Philadelphia, PA 19103, 267-273-1054

## DEFENDANTS
Progressive Vision Institute of Philadelphia, P.C., d/b/a Progressive Vision Institute; Progressive Vision Institute of Allentown, P.C., d/b/a Progressive Vision Institute; Progressive Vision Institute of Bethlehem, P.C., d/b/a Progressive Vision Institute; Solomon C Luo MD PC, d/b/a Progressive Vision Institute

County of Residence of First Listed Defendant   Schuylkill
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

15 3694

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII, 42 U.S.C. § 2000e

Brief description of cause:
Sex Discrimination and Retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

JUL - 1 2015

DATE   07/01/2015

SIGNATURE OF ATTORNEY OF RECORD   S.T.

## FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  300 W. Mifflin Street, Orwigsburg, PA 17961

Address of Defendant:  201 East Laurel Blvd., Pottsville, PA 17901

Place of Accident, Incident or Transaction:  201 East Laurel Blvd., Pottsville, PA 17901
*(Use Reverse Side For Additional Space)*

**15 3694**

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Michael Murphy , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $50,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE:  07/1/2015    Attorney-at-Law    91262
Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  07/1/2015    Attorney-at-Law    91262    JUL - 1 2015
Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Kristine Yesalusky                                   :          CIVIL ACTION

v.                                                   :

Progressive Vision Institute of Philadelphia, P.C., d/b/a Progressive Vision Institute;   :          **15      3694**
Progressive Vision Institute of Allentown, P.C., d/b/a Progressive Vision Institute;
Progressive Vision Institute of Bethlehem, P.C., d/b/a Progressive Vision Institute;    :          NO.
Solomon C Luo MD PC, d/b/a Progressive Vision Institute

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.           ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                       (x)

| | | |
|---|---|---|
| 07/1/2015 | | Kristine Yesalusky, Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (267) 273-1054 | (215) 525-0210 | murphy@phillyemploymentlawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL - 1 2015

**ER**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------

KRISTINE YESALUSKY             :        **15   3694**
300 W. Mifflin Street          :    CIVIL ACTION NO.: _____
Orwigsburg, PA 17961        :
                                  :
            Plaintiff,       :    **JURY TRIAL DEMANDED**
                                    :
            v.                :
                                    :
PROGRESSIVE VISION INSTITUTE   :
OF PHILADELPHIA, P.C., d/b/a     :
PROGRESSIVE VISION INSTITUTE   :
201 East Laurel Blvd.           :
Pottsville, PA 17901;          :
                                  :
PROGRESSIVE VISION INSTITUTE   :
OF ALLENTOWN, P.C., d/b/a       :
PROGRESSIVE VISION INSTITUTE   :
201 East Laurel Blvd.           :
Pottsville, PA 17901;          :
                                  :
PROGRESSIVE VISION INSTITUTE   :
OF BETHLEHEM, P.C., d/b/a       :
PROGRESSIVE VISION INSTITUTE   :
201 East Laurel Blvd.           :
Pottsville, PA 17901;  AND    :
                                  :
SOLOMON C LUO MD PC, d/b/a   :
PROGRESSIVE VISION INSTITUTE   :
201 East Laurel Blvd.           :
Pottsville, PA 17901,         :
                                  :
            Defendant.      :

---------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

       Plaintiff, Kristine Yesalusky ("Plaintiff"), by and through her undersigned attorney, for

her Complaint against Progressive Vision Institute of Philadelphia, P.C., d/b/a Progressive

Vision Institute, Progressive Vision Institute of Allentown, P.C., d/b/a Progressive Vision

Institute, Progressive Vision Institute of Bethlehem, P.C., d/b/a Progressive Vision Institute, and

Solomon C Luo MD PC, d/b/a Progressive Vision Institute (collectively, "Defendant"), alleges

as follows:

## INTRODUCTION

1.       Plaintiff initiates this action contending that Defendant has violated Plaintiff's

rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title

VII"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA").

Specifically, Plaintiff contends that Defendant subjected her to a hostile work environment

because of sex and retaliated against her for her complaints regarding the same, ultimately

resulting in her constructive discharge from employment in violation of Title VII and the PHRA.

## PARTIES

2.       Plaintiff Kristine Yesalusky is a citizen of the United States and Pennsylvania,

and currently maintains a residence at 300 W. Mifflin Street, Orwigsburg, PA 17961.

3.       Upon information and belief, Defendant Progressive Vision Institute of

Philadelphia, P.C., Defendant Progressive Vision Institute of Allentown, P.C., Defendant

Progressive Vision Institute of Bethlehem, P.C., and Defendant SOLOMON C LUO MD PC, are

professional companies organized and existing under the laws of the Commonwealth of

Pennsylvania, all doing business under the name "Progressive Vision Institute." Upon

information and belief, the aforesaid defendants share a registered office address of 201 East

Laurel Blvd., Pottsville, PA 17901, where defendants maintain the principal of their nine (9)

offices throughout the region.

4.       Upon information and belief, each of the defendants identified in paragraph 3

above are a joint, single, and/or integrated employer with respect to the employees of Progressive

2

Vision Institute, including, but not limited to, at all times relevant hereto, Plaintiff. Upon information and belief, defendants shares employees, office space, equipment, and management with each other and collectively assert control over their employees for purposes of hiring, firing, discipline, assigning, and directing.

## JURISDICTION AND VENUE

5.      Paragraphs 1 through 4 are hereby incorporated by reference, as though the same were fully set forth at length herein.

6.      On or about January 22, 2014, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. 2000e5(b) and (e). Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2014-01643. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

7.      On or about June 9, 2014, Plaintiff filed a second Charge of Discrimination with the EEOC, which was assigned an EEOC Charge No. 532-2014-01834, which was dually filed with the PHRC.

8.      By correspondence dated April 15, 2015, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

9.      On or about July 1, 2015, within the statutory time frame applicable to her Complaint, Plaintiff filed the instant action.

10.     Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

3

11.     This action is authorized and initiated pursuant to Title VII of the Civil Rights Act

of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. § 951,

*et seq.*

12.     This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1331 and

1343, as it is a civil rights action arising under the laws of the United States.

13.     This Court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28

U.S.C. § 1367 as those claims arise from the same common nucleus of operative fact as her

federal claims.

14.     The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as the

Defendant resides in this judicial district, doing business therein, and maintaining six (6) out of

nine (9) of its office locations therein, at several of which Plaintiff performed work for

Defendant during the course of her employment with Defendant.

## FACTUAL ALLEGATIONS

15.     Paragraphs 1 through 14 are hereby incorporated by reference, as though the same

were fully set forth at length herein.

16.     Plaintiff is a woman and is therefore a member of a protected class under Title

VII and the PHRA.

17.     On or around April 30, 2012, Plaintiff was hired by Respondent as an ophthalmic

technician.

18.     During the course of her employment with Defendant, Plaintiff received positive

performance reviews, no discipline, a promotion, and occasional praise for her work.

4

19.     During the course of her employment, Plaintiff was subject to severe and
pervasive sexual harassment from Solomon Luo, MD ("Dr. Luo"), Defendant's President and
Director, who had the authority to alter the terms and conditions of Plaintiff's employment.

20.     On multiple occasions, Dr. Luo made offensive and unwanted sexually-based
comments to Plaintiff because of her sex which made Plaintiff feel humiliated, degraded,
victimized, embarrassed, and emotionally distressed.

21.     For example, Dr. Luo stated to Plaintiff, "I am your boss and I should not be
looking at you that way," asked her if she knew how to "flash people," asked Plaintiff whether
she exercised in an effort to "lose weight" in her butt, and told her that if she wore a certain type
of shoe in New Orleans the men there would ask her "how much" she cost.

22.     Upon information and belief, Dr. Luo touched and grabbed the bodies and/or
back-sides of multiple female employees, including Stacy Smith.

23.     On one occasion, Plaintiff was told by Debbie Marone ("Ms. Marone"), Dr. Luo's
Personal Assistant, that she had "done a good job of putting Dr. Luo in a good mood" because he
had "checked out [Plaintiff's] butt when [she] walked by."

24.     On or about November 16, 2013, during a work dinner taking place in New
Orleans, Plaintiff and other female employees of Defendant were subjected to unwanted
touching and a barrage of offensive and sexually-based comments by Dr. Luo.

25.     Prior to dinner being served, Dr. Luo walked up to Plaintiff and a female co-
worker, Bonnie Savakinas ("Ms. Savakinas"), as they excused themselves to go to the restroom,
and, while carrying an infant, positioned himself so close to Plaintiff such that his arm was
pressing up against Plaintiff's breasts.

5

26.     After Plaintiff hurriedly excused herself, Dr. Luo then proceeded to do the same to Ms. Savakinas, who entered the bathroom seconds later visibly upset.

27.     During the course of the dinner, Dr. Luo made multiple inappropriate, offensive, disparaging, and sexually-charged remarks to Plaintiff about herself and women generally.

28.     For example, Dr. Luo asked Plaintiff and Ms. Savakinas whether they had received their beads on Bourbon Street yet, stating that they would have to show the crowd their breasts if they wanted beads.

29.     When Plaintiff, in response to Dr. Luo's inquiry into what she thought of New Orleans, stated she found Bourbon Street frightening, Dr. Luo responded, "Well don't you know they all want to see your boobs?"

30.     Dr. Luo made several other offensive and sexual comments, including stating that Plaintiff was "not a mom," because "she did not push anything out of her tubes," and that by contrast, Plaintiff's female co-worker, Amber McKee, was a "real mom," but that she now had "saggy boobs and [her] down area is ruined." Dr. Luo also advised Plaintiff and Ms. Savakinas, "You better wait as long as you can to have children so you don't ruin your body!"

31.     When Plaintiff and Ms. Savakinas announced their intention to leave, Dr. Luo encouraged them to "stay out with [him] and [his] friends." When Plaintiff and Ms. Savakinas did leave, Dr. Luo asked Plaintiff what shoes she was wearing and told her she was "beautiful."

32.     As a result of Dr. Luo's outrageous behavior on and before November 16, 2013, Plaintiff experienced significant emotional distress and felt objectified because of her sex.

33.     When Plaintiff returned to work on November 20, 2013, she reported Dr. Luo's conduct on November 16, 2013 to Ms. Marone, and, along with Ms. Savakinas, described Dr. Luo's inappropriate behavior and sexual comments.

6

34.     Plaintiff also described Dr. Luo's treatment of her to Courtney Ranck, the Office Manager, who advised Plaintiff to see Defendant's Administrator, Anna Mary Casserly ("Ms. Casserly").

35.     Plaintiff described Dr. Luo's inappropriate behavior to Ms. Casserly and expressed that she felt humiliated and did not know what to do.

36.     Ms. Casserly responded by telling Plaintiff, "This is definitely sexual harassment." She then asked whether Plaintiff felt comfortable staying at the practice, telling Plaintiff, "I don't want to see you in therapy over this three months from now."

37.     A few days later, Plaintiff was called into a meeting with Ms. Marone and Dr. Luo.

38.     During the meeting, rather than apologize for or even address his inappropriate behavior, Dr. Luo implied to Plaintiff that her job was in jeopardy for rebuffing his sexually-inappropriate comments and behaviors and for reporting the same. Specifically, Dr. Luo told Plaintiff that she was a "good worker," that he knew she "want[ed] a career [with Defendant]," and proceeded to explain that that was why he "spent all that money" on sending her on the trip to New Orleans. Dr. Luo then trivialized the gravity of his sexually-inappropriate behavior by telling Plaintiff that if she "couldn't take a joke," she should have "let him know."

39.     At this point, Plaintiff began to cry and told Dr. Luo that she did not wish to continue speaking with him.

40.     Dr. Luo left the meeting and returned approximately twenty (20) minutes later. He told Plaintiff that he apologized for being "rude" and that he "did not mean to elbow" Plaintiff in the breasts, but that "some people don't mind joking or a pat on the butt."

7

41.     Defendant failed to adequately investigate Plaintiff's allegations of sexual harassment and failed to take adequate remedial action.

42.     After Plaintiff reported Dr. Luo's conduct on November 20, 2013, Defendant began retaliating against Plaintiff by, among other things: requiring Plaintiff to report to work locations significantly farther that she had previously been required to travel, thus substantially increasing her commute time; decreasing the amount of time she was assigned to the Doctor for whom she previously worked consistently; assigning her menial job duties such as those she had performed only at the beginning of her employment; and requiring her to work more late nights and less desirable hours.

43.     When Plaintiff's schedule was changed as described in paragraph 42, Plaintiff requested and was denied the "Travel Package" Defendant offers to employees with travel demands similar to Plaintiff's, through which Defendant's employees receive additional compensation and other benefits to offset their travel burden and expenses.

44.     Moreover, upon information and belief, after Plaintiff filed her initial charge of discrimination with the EEOC on January 22, 2014, Dr. Luo notified members of Defendant's staff that Plaintiff was "suing him" and that he was "not settling," resulting in Plaintiff's further humiliation and disgrace at work.

45.     The severe and pervasive sexual harassment Plaintiff faced, along with the subsequent retaliation she faced for internally reporting the same after she filed her charge of discrimination with the EEOC, altered the conditions of her employment to the extent that a reasonable employee in Plaintiff's situation would resign.

46.     Accordingly, on or around February 16, 2014, Plaintiff was forced to resign her employment with Defendant, effective March 7, 2014.

8

47.     Plaintiff was constructively discharged from employment with Defendant on
March 7, 2014.

48.     As a result of Defendant's actions as aforesaid, Plaintiff has suffered severe
anxiety, insomnia, and depression, and has sought professional treatment for the same.

49.     As a direct, actual, and proximate cause of Defendant's actions, by and through its
managers, agents, and servants, Plaintiff has and continues to suffer damages, including but not
limited to, lost earnings, lost future earnings, emotional distress, and humiliation.

50.     The unlawful and willful actions of the Defendant constitute unlawful
discrimination against Plaintiff on the basis of sex and unlawful retaliation in violation of Title
VII and the PHRA.

## COUNT I
## HOSTILE WORK ENVIRONMENT
## SEXUAL HARASSMENT & DISCRIMINATION
## CONSTRUCTIVE DISCHARGE
## TITLE VII, 42 U.S.C. § 2000e, *et seq.*

51.     Paragraphs 1 through 50 are hereby incorporated by reference as though the same
were fully set forth at length herein.

52.     Defendant employed at least fifteen (15) employees at its various locations at all
times relevant hereto.

53.     Plaintiff is a woman and as such is a member of a class protected under Title VII
from unlawful discrimination because of sex.

54.     Beginning in 2013 and continuing up until the conclusion of Plaintiff's
employment, Dr. Luo engaged in a persistent pattern of severe and pervasive harassment by,
among other things, making sexually-based and inappropriate statements to Plaintiff and asking
Plaintiff sexually inappropriate questions, while at work or work-sponsored events.

9

55.     Plaintiff did not welcome the conduct described in paragraph 54 or any of the other inappropriate conduct of Dr. Luo described herein.

56.     Plaintiff formally notified Defendant of the harassment on or around November 20, 2013.

57.     Defendant failed to adequately investigate Plaintiff's complaints.

58.     Defendant failed to take adequate remedial action.

59.     Dr. Luo had the power to alter or affect the terms and conditions of Plaintiff's employment.

60.     The aforementioned sexual harassment adversely affected Plaintiff's psychological wellbeing and unreasonably interfered with Plaintiff's work performance.

61.     The harassment to which Plaintiff was subjected would affect the psychological wellbeing and unreasonably interfere with the work performance of a reasonable person of Plaintiff's sex.

62.     As a result of the harassment she faced from Dr. Luo, along with the subsequent retaliatory change in the conditions of her employment following her refusal to accede to Dr. Luo's sexually inappropriate and suggestive comments and actions, and her complaints about the harassment to Defendant and the EEOC, Plaintiff's working conditions became so intolerable that a reasonable woman in her position would have felt compelled to resign.

63.     Defendant subjected Plaintiff to a hostile work environment because of her sex in violation of Title VII.

64.     Defendant constructively discharged Plaintiff from employment because of her sex in violation of Title VII.

10

65.     Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

66.     Because of Defendant's unlawful acts, Plaintiff suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

67.     As a result of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, and earnings potential.

68.     As a direct result of Defendant's deliberate, unlawful, wanton, and malicious actions, Plaintiff has suffered emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a)     Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00).

b)     Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

c)     Plaintiff's costs, disbursements, attorney's fees incurred in prosecuting this action;

d)     Pre-judgment interests in an appropriate amount; and

e)     Such other and further relief as is just and equitable under the circumstances.

11

## COUNT II
## RETALIATION
## TITLE VII, 42 U.S.C. § 2000e, *et seq.*

69.     Paragraphs 1 thorough 68 are hereby incorporated by reference as though the same were fully set forth at length herein.

70.     On or around November 20, 2013, Plaintiff lodged an internal complaint with Defendant against Dr. Luo for the sexual harassment and sex-based discrimination based above.

71.     As a result of her complaint, and as mentioned above, Plaintiff's continued employment with Defendant was threatened, and Plaintiff was subjected to further and other retaliatory changes in the conditions of her employment, including, but not limited to, those described above.

72.     Following the filing of Plaintiff's charge of discrimination with the EEOC, upon information, Dr. Luo inappropriately publicized to Plaintiff's co-workers that Plaintiff was "suing" him and, upon information and belief, misrepresented the nature of Plaintiff's allegations against him, in an attempt to further humiliate Plaintiff and render Plaintiff's working conditions intolerable.

73.     As a result of these actions, Plaintiff's working conditions became so intolerable that a reasonable person in her position would have felt compelled to resign.

74.     Plaintiff was constructively discharged from employment on March 7, 2014 in retaliation for her complaints against Dr. Luo for sexual harassment to Defendant and the EEOC.

75.     Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

12

76.     Because of Defendant's unlawful acts, Plaintiff suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

77.     As a result of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, and earnings potential.

78.     As a direct result of Defendant's deliberate, unlawful, wanton, and malicious actions, Plaintiff has suffered emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a)      Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00).

b)      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

c)      Plaintiff's costs, disbursements, attorney's fees incurred in prosecuting this action;

d)      Pre-judgment interests in an appropriate amount; and

e)      Such other and further relief as is just and equitable under the circumstances.

13

## COUNT III
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## HOSTILE WORK ENVIRONMENT, DISCRIMINATION &
## RETALIATION

79.     Paragraphs 1 through 78 are hereby incorporated by reference as though the same were fully set forth at length herein.

80.     The conduct described above constitutes a violation of the Pennsylvania Human Relations Act ("PHRC"), 43 P.S. § 955, *et seq.* and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a)      Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00).

b)      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

c)      Plaintiff's costs, disbursements, attorney's fees incurred in prosecuting this action;

d)      Pre-judgment interests in an appropriate amount; and

e)      Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

14

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____

Michael Murphy, Esq.
Michael C. Groh, Esq.
One Penn Center, Suite 1230
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

Dated: July 1, 2015

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation